Larry D. Thompson, Carter Circuit Clerk
100 East Main Street
Grayson, KY 41143-1298

CORPORATION SERVICE COMPANY
421 WEST MAIN STREET
FRANKFORT, KY 40601

# KCOJ eFiling Cover Sheet

Case Number: 20-CI-00124

Envelope Number: 2432177

Package Retrieval Number: 243217717091874@00000066686

Service by: Certified Mail

Service Fee: $ 0.00

Postage Fee: $ 12.50

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.

EXHIBIT

A









Package : 000001 of 000007

AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

# CIVIL SUMMONS

Case #: **20-CI-00124**
Court: **CIRCUIT**
County: **CARTER**

*Plantiff*, **GEARHEART, MICHAEL VS. THE LINCOLN NATIONAL LIFE INSURANCE C**, *Defendant*

TO: **CORPORATION SERVICE COMPANY**
**421 WEST MAIN STREET**
**FRANKFORT, KY 40601**

Memo: Related party is THE LINCOLN NATIONAL LIFE INSURANCE CO.

The Commonwealth of Kentucky to Defendant:
**THE LINCOLN NATIONAL LIFE INSURANCE CO.**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Larry D. Thompson,
Carter Circuit Clerk
Date: **5/6/2020**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________________

☐ Not Served because: ______________________________

Date: ________________, 20______

______________________________
Served By

______________________________
Title

Summons ID: 243217717091874@00000066686
CIRCUIT: 20-CI-00124 Certified Mail
GEARHEART, MICHAEL VS. THE LINCOLN NATIONAL LIFE INSURANCE C



*e*Filed

Package:000002 of 000007

Presiding Judge: HON. REBECCA K. PHILLIPS (637246)

Package : 000002 of 000007

FILED
CARTER CIRCUIT/DISTRICT COURT
MAY 07 2020
BY: D.C.
LARRY D. THOMPSON, CLERK

COMMONWEALTH OF KENTUCKY
CARTER CIRCUIT COURT
CIVIL ACTION NO. 124
*Electronically Filed*

MICHAEL GEARHEART PLAINTIFF

vs. **COMPLAINT**

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY DEFENDANT

**To be served through:**
Corporation Service Company
421 West Main Street
Frankfort, KY 40601

** ** ** ** ** ** ** ** ** **

Comes the Plaintiff, Michael Gearheart, and for his Complaint against Defendant The Lincoln National Life Insurance Company ("Lincoln National"), states as follows:

1. Plaintiff Michael Gearheart is a citizen and resident of Carter County, Kentucky.
2. Defendant Lincoln National is an insurance company domiciled in the state of Indiana, where it is a citizen and resident, with a statutory home office located at 1300 South Clinton Street, Fort Wayne, Indiana 46802.
3. Lincoln National is authorized to do the business of insurance in Kentucky by holding a Kentucky Certificate of Authority.
4. Lincoln National's service of process agent is Corporation Service Company, 421 West Main Street Frankfort, Kentucky 40601, and Lincoln National may be served upon said service of process agent.
5. Jurisdiction and venue are proper in this Court because Defendant transacts business and caused damages in the Commonwealth of Kentucky, and Plaintiff resides in, and was caused harm in, Carter County, Kentucky.

Package:000003 of 000007

Presiding Judge: HON. REBECCA K. PHILLIPS (637246)

Package : 000003 of 000007

6. At the time of the circumstances giving rise to this lawsuit, Plaintiff was an employee of CSX Transportation employed as a Conductor.
7. Brotherhood of Locomotive Engineers and Trainmen CSX Western Lines 781 established and provided a long-term disability ("LTD") Plan to employees, which includes Plaintiff.
8. Plaintiff was covered and eligible under the LTD Plan.
9. The LTD Plan entitles employees to a percentage of their predisability earnings upon satisfaction of the terms of the policy.
10. The LTD policy defines disability and entitles Plaintiff to receive LTD benefits if Plaintiff meets the following definition:

> **TOTAL DISABILITY** or **TOTALLY DISABLED** will be defined as follows:
>
> 1. During the Elimination Period and Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the Main Duties of his or her Own Occupation.
> 2. After the Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the Main Duties of any Gainful Occupation which his or her training, education or experience will reasonably allow.
>
> The loss of a professional license, an occupational license or certification, or a driver's license for any reason does **not**, by itself, constitute Total Disability.

11. Defendant has a responsibility for payment of any disability benefits due according to the terms and conditions of the LTD policy.
12. Plaintiff, while working for CSX Transportation, became disabled under the terms of the LTD policy, which disability arose after the Effective Date of the LTD policy, and he was unable to return to work as a Conductor for CSX Transportation since on or about September 26, 2015, and remains disabled under the terms of the LTD policy.

Package:000004 of 000007

Presiding Judge: HON. REBECCA K. PHILLIPS (637246)

Package : 000004 of 000007

13. Plaintiff timely and properly submitted a claim to Defendant, consistent with the terms of the LTD policy. Plaintiff's LTD claim number is believed to be 1160071652 and the policy number is believed to be 00001019920800000.
14. Prior to receiving LTD benefits, Plaintiff received short-term disability benefits through exhaustion.
15. By letter dated August 11, 2016, Defendant approved Plaintiff's claim for LTD benefits with benefits effective December 27, 2015. Plaintiff received LTD benefits until December 27, 2017.
16. By letter dated December 28, 2017, Defendant denied Plaintiff's claim for LTD benefits under the policy beyond December 27, 2017.
17. Plaintiff timely and properly appealed the denial of his LTD benefits, in the manner set forth in the applicable policy.
18. By letter dated May 16, 2018, Defendant upheld the denial of Plaintiff's claim for LTD benefits.
19. Plaintiff timely and properly appealed the denial of his LTD benefits, in the manner set forth in the applicable policy.
20. Plaintiff has been deemed disabled and approved for benefits by the Railroad Retirement Board, with a disability effective September 26, 2015.
21. By letter dated September 25, 2018, Defendant upheld the denial of Plaintiff's claim for LTD benefits.
22. The September 25, 2018 letter stated Plaintiff has "exhausted all rights of appeal[.]"
23. Plaintiff is entitled to payment of LTD benefits, as Plaintiff meets the definition of "total disability" under the terms of the applicable policy, and Defendant should be required to perform under its contract and pay benefits to Plaintiff.





Package:000005 of 000007
Presiding Judge: HON. REBECCA K. PHILLIPS (637246)
Package : 000005 of 000007

24. The LTD insurance is an employee benefit governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*

25. Plaintiff has timely and properly exhausted any required administrative remedies and appeals.

**COUNT I**

26. Plaintiff incorporates by reference all of the preceding paragraphs as if fully stated herein.

27. This count is brought under ERISA pursuant to 29 U.S.C. § 1132(a)(1)(B) as a result of Defendant's improper denials of benefits under the applicable plan and to recover benefits under the terms of the plan.

28. Defendant's decision to terminate benefits, and its refusal to approve benefits after receiving additional evidence on appeals, was wrong, arbitrary and capricious, against the evidence provided to Defendant, and a breach of fiduciary duty, all of which entitles Plaintiff to benefits under the terms of the plan, interest, and attorney's fees under 29 U.S.C. § 1132(a)(1)(B) and (g).

29. Defendant's internal review is not subject to abuse of discretion review, and Plaintiff's claim should be reviewed de novo.

30. The damages sought for the aforesaid injuries are in excess of the jurisdictional limits of this Court.

WHEREFORE, Plaintiff demands the following relief:

Judgment against Defendant for full contractual benefits under 29 U.S.C. § 1132(a)(1)(B) and attorney's fees and interest under 29 U.S.C. § 1132(g) pursuant to ERISA.

Package:000006 of 000007

Presiding Judge: HON. REBECCA K. PHILLIPS (637246)

Package : 000006 of 000007

Respectfully submitted:

*/s/ Elizabeth A. Thornsbury*
ELIZABETH A. THORNSBURY
Email: elizabeth@austinmehr.com
M. AUSTIN MEHR
Email: amehr@austinmehr.com
**Mehr, Fairbanks & Peterson**
**Trial Lawyers, PLLC**
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone: (859) 225-3731
Facsimile: (859) 225-3830
*Counsel for Plaintiff*

Package:000007 of 000007

Presiding Judge: HON. REBECCA K. PHILLIPS (637246)

Package : 000007 of 000007