UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND
*ELECTRONICALLY FILED*

| | | |
|---|---|---|
| MICHAEL, GEARHART<br><br>Plaintiff,<br><br>v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Defendant. | ) | Case No. 0:20-cv-00060-HRW |

**JOINT REPORT OF THE PARTIES' RULE 26(f) CONFERENCE**

*** *** *** ***

Plaintiff, Michael Gearheart, and Defendant, The Lincoln National Life Insurance Company, by and through their undersigned counsel, pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and this Court's Order of June 5, 2020 (DN: 8), submit the following Joint Report of their Rule 26(f) conference:

1. **Parties' Meeting.** Undersigned counsel for the parties conducted discussions on June 18, 2020 and June 22, 2020 for the purposes of preparing and finalizing this Report. The participants were: Elizabeth A. Thornsbury, Mehr Fairbanks & Peterson Trial Lawyers, PLLC, 201 West Short Street, Suite 800, Lexington, Kentucky 40507, Counsel for Plaintiff; and Iwana Rademaekers, Law Offices of Iwana Rademaekers, P.C., 14785 Preston Road, Suite 550, Dallas, Texas 75254, Counsel for Defendant.

2. **The formulation and simplification of the issues**. This is an action for the recovery of benefits under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132. More specifically, the crux of this ERISA claim is whether Plaintiff is entitled

to long-term disability benefits under Plaintiff's sponsored long-term disability plan with Defendant (the "Plan").

3. With respect to Rule 26(f)(3), the parties agree that no initial disclosures are required, and that production of the administrative record and parameters for limited discovery, if any, should proceed as outline below.

4. **Consideration of the discovery plan and review of the automatic initial require disclosures**. The parties agree that the Court can resolve Plaintiff's claim on the briefing based upon the Administrative Record. If, upon review of the Administrative Record, Plaintiff believes limited discovery is necessary, he may seek limited discovery. It is Plaintiff's position that additional discovery may potentially be necessary to address whether the administrative record if complete; whether there are any potential issues of lack of due process or bias; and whether there are any issues related to a conflict of interest. If Plaintiff believes limited discovery is necessary, Plaintiff will serve such requests on or before **October 2, 2020**. Defendant reserves the right to object to any such discovery on the basis of it being overly broad or impermissible conflict of interest discovery. Discovery shall be completed on or before **January 2, 2021**.

5. **Possibility of settlement or the use of alternative methods of dispute resolution, including mediation**. Once the Administrative Record is filed under seal with the Court and produced to Plaintiff, the parties will explore settlement discussions informally prior to the submission of their briefs and will advise the Court if they believe a settlement conference or private mediation would be fruitful.

6. **Any need to adopt special procedures for managing potentially difficult or complex issues**. None.

7. **Briefing Schedule**. The Parties have agreed to the following briefing and motion schedule:

(a) On or before **July 31, 2020**, a copy of Defendant's complete Administrative Record will be filed under seal and provided to Plaintiff. The Administrative Record shall be Bates labeled and provided in .pdf format.

(b) The deadline for Plaintiff to amend pleadings or join parties shall be **October 1, 2020**.

(c) The deadline for Defendant to amend pleadings or join parties shall be **October 15, 2020**.

(d) The parties propose that they submit simultaneous briefs on **March 2, 2021** and simultaneous responses on **April 1, 2021**, at which time the case will stand submitted., at which time the case will stand submitted.

8. The parties agree that the arbitrary and capricious standard of review applies.

9. The Parties agree Plaintiff is not entitled to a jury trial and that the case is to be decided on dispositive briefs.

10. The parties will not submit witness or exhibit lists because the case will be submitted for decision via dispositive briefs on the merits.

11. The parties agree that the Plaintiff exhausted all available administrative procedures prior to filing this action.

12. The Parties do not consent to referral of this case to the United States Magistrate Judge for all purposes in this case, including trial, entry of final judgment, and all post-judgment proceedings, pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and L.R. 73.1.

Respectfully submitted,

*/s/ Elizabeth A Thornsbury*
ELIZABETH A. THORNSBURY
Email: elizabeth@austinmehr.com
M. AUSTIN MEHR
Email: amehr@austinmehr.com
**Mehr, Fairbanks & Peterson**
**Trial Lawyers, PLLC**
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone: (859) 225-3731
Facsimile: (859) 225-3830
*Counsel for Plaintiff*

and

*/s/ Iwana Rademaekers* (with permission)
IWANA RADEMAEKERS
Email: iwana@rademaekerslaw.com
**Law Offices of Iwana Rademaekers, P.C.**
14785 Preston Road, Suite 550
Dallas, Texas 75254
Telephone: (214) 579-9319
Facsimile: (469) 444-6456
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following registered participants:

- **M. Austin Mehr**
  amehr@austinmehr.com,amlopsc@yahoo.com,knolen@austinmehr.com,
  pgf@austinmehr.com,shall@austinmehr.com
- **Iwana Rademaekers**
  iwana@rademaekerslaw.com,sandy@rademaekerslaw.com
- **Elizabeth Ann Thornsbury**
  elizabeth@austinmehr.com,amlopsc@yahoo.com,knolen@austinmehr.com,
  shall@austinmehr.com

**Manual Notice List**

- No manual recipients

*/s/ Elizabeth A. Thornsbury*
ELIZABETH A. THORNSBURY